**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2912
_____

MANDRIEZ SPIVEY,

Appellant

v.

EBBERT, individual and in his official capacity; UNKNOWN SW;
MARR, individual and in his official capacity; UNKNOWN CASE MANAGER;
UNKNOWN LT, White Female; UNKNOWN LT, White Male;
UNKNOWN OFFICER, White Female;
UNKNOWN OFFICER, White Male

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-00596)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2023

Before: AMBRO, KRAUSE, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: January 24, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Mandriez Spivey, proceeding pro se and in forma pauperis, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint with prejudice. For the reasons that follow, we will affirm the judgment of the District Court.

Spivey, a former inmate at United States Penitentiary, Lewisburg in Lewisburg, Pennsylvania, filed a complaint in April 2022 against two named and six unidentified U.S.P. Lewisburg prison officials. Spivey sought compensatory and injunctive relief for excessive use of force, deliberate indifference to his serious medical needs, conspiracy, denial of access to the court, and retaliation. Dkt. No. 1 at 8, 12-18. He alleged that the events giving rise to his claims occurred between 2014 and 2017. Dkt. No. 1 at 6.

The District Court ordered Spivey to show cause as to why his complaint should not be dismissed as barred by the statute of limitations. Dkt. No. 13. After Spivey filed a response, Dkt. No. 17, the District Court sua sponte dismissed Spivey's complaint with prejudice as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B), Dkt. Nos. 18 & 19. Spivey filed a motion for reconsideration, Dkt. No. 20, which the District Court denied, Dkt. No. 21. Spivey filed this appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the order dismissing the complaint, Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020), and review the denial of the motion for reconsideration for abuse of discretion, Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015).

Spivey argues on appeal that the District Court erred in ruling that his claims are time-barred because the wrongs against him were continuing, thus tolling the statute of limitations for making a claim.[1] C.A. Dkt. No. 5 at 4-7. However, we agree with the District Court that the continuing wrong doctrine did not toll the statute of limitations on Spivey's claim.

As recognized by the District Court, Spivey does not present a case that fits within the continuing wrong doctrine. See Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 214 n.8 (3d Cir. 2002) ("Under the notion of a continuing wrong, only the last . . . act need be within the statutory period.") (citation and question marks omitted). Spivey alleged that discrete civil rights violations occurred, the latest of which he identified as taking place in 2017, before he was transferred from U.S.P. Lewisburg. However, he filed his complaint in 2022, raising, to the extent that they are cognizable, claims under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), more than three years after the applicable statute of limitations expired. See Napier v. Thirty or More Unidentified Fed. Agents, Emps., or Officers, 855 F.2d 1080, 1088 n.3 (3d Cir.) (explaining that the "most analogous state statute of limitations" is used for Bivens claims); 42 PA. C.S.A. § 5524 (requiring personal-injury claims in Pennsylvania to be commenced within two years).

---

[1] Although Spivey presented other arguments supporting tolling in the District Court, he does not raise them here, so we do not consider them. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.3 (3d Cir. 2020) (where appellant forfeited challenges to orders she did not identify in her opening brief).

Given that Spivey, in his motion for reconsideration and brief in support of appeal, repeated the allegations in his initial complaint, we conclude that the District Court's order dismissing Spivey's complaint with prejudice was appropriate because amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Furthermore, the District Court properly denied reconsideration because Spivey did not present a basis for it.  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

For these reasons, we will affirm the District Court's judgment.